[Cite as *State v. Thompson*, 2012-Ohio-1778.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Respondent-Appellee          :       C.A. CASE NO. 24794

vs.                              :       T.C. CASE NO. 09CR1237

RYAN K. THOMPSON                 :       (Criminal Appeal from
                                          Common Pleas Court)
    Petitioner-Appellant         :

. . . . . . . .

O P I N I O N

Rendered on the 20ᵗʰ day of April, 2012.

. . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; R. Lynn Nothstine, Asst. Pros. Attorney, Atty. Reg. No. 0061560, P.O. Box 972, Dayton, OH 45422
    Attorneys for Respondent-Appellee

Ryan K. Thompson, #608-473, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, OH 45601
    Petitioner-Appellant, Pro Se

. . . . . . . .

FISCHER, J. (sitting by assignment):

{¶ 1} Petitioner-appellant Ryan Thompson appeals the judgment of the Montgomery County Common Pleas Court denying his petition for postconviction relief. Because we determine that the trial court lacked jurisdiction to consider Thompson's petition, we affirm.

{¶ 2} Thompson was convicted on July 15, 2009, of possession of cocaine. Thompson was informed by the court at the sentencing hearing that part of his sentence included the payment of court costs and a $10,000 statutory fine. Thompson's sentencing entry also reflects the imposition of costs and the fine. On August 11, 2009, Thompson filed an affidavit of indigency, and the trial court determined that Thompson was indigent for purposes of his direct appeal and appointed counsel to represent him.

{¶ 3} In November 2010, Thompson filed an affidavit with the trial court, in which he requested relief from paying court costs and the statutory fine. Thompson averred that when the trial court had imposed the fine and costs, his affidavit of indigency had not yet been filed, and thus the trial court had been unaware of his indigent status. In June 2011, Thompson filed a "motion for waiver of court cost and fines" with the trial court, asserting, in general, that his trial counsel had been ineffective for failing to request that the court remit costs and the fine at the time of sentencing. The trial court denied Thompson's motion, determining that it lacked jurisdiction to modify Thompson's sentence, and that Thompson should have objected to the imposition of costs and the fine at the time of sentencing. Thompson appeals.

{¶ 4} In three separate assignments of error, Thompson challenges the denial of his motion. At the outset, we note that we construe Thompson's appeal as an appeal from an order denying a petition for postconviction relief. A trial court's decision granting or denying a postconviction petition pursuant to R.C. 2953.21 must be upheld absent an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77.

**{¶ 5}** A common pleas court has jurisdiction to entertain a postconviction claim only if the petitioner satisfies either the timing requirement of R.C. 2953.21 or the jurisdictional requirements of R.C. 2953.23. Under R.C. 2953.21, a postconviction petitioner who has taken a direct appeal from his conviction must file his petition within 180 days of the date on which the trial transcript was filed in the direct appeal. R.C. 2953.21(A)(2). If the petitioner was unavoidably prevented from discovering the facts upon which his petition depends, or his claim is based upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the time prescribed for filing his petition, he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23.

**{¶ 6}** Thompson filed his affidavit requesting relief from the imposition of costs and the statutory fine in November 2010, and he filed his motion seeking the same in June 2011. Because the trial transcript for the direct appeal had been filed in September 2009, both filings were made after the time prescribed by R.C. 2953.21. Furthermore, the record fails to demonstrate that Thompson was unavoidably prevented from discovering the facts underlying his ineffective-assistance claim, or that his claim was based upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the prescribed time had expired.

**{¶ 7}** Therefore, we hold that the common pleas court lacked jurisdiction to entertain Thompson's petition. We overrule Thompson's assignments of error and affirm the judgment of the trial court.

FROELICH, J., and HALL, J., concur.

(Hon. Patrick F. Fischer, First District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

Copies mailed to:

R. Lynn Nothstine, Esq.
Ryan K. Thompson
Hon. Mary Katherine Huffman